**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TED VENTURES, LLC, TREND MEDICAL MANAGEMENT, LLC, DEREK GOVE, TREY AUSTIN, AND ENRIQUE STOWHAS,** | § | |
| ***Plaintiffs/Counter-Defendants,*** | § | |
| ***vs.*** | § | **CIVIL ACTION NO. 26-CV-02783** |
| **LUCKY CHOPRA, ZOO CAPITAL HOLDINGS, LLC, AD DALLAS CLINICS, LLC, AND TREND PHYSICIANS GROUP, INC.** | § | **Removed from 162nd Judicial District Court of Dallas County Texas Cause No. DC-25-05848** |
| ***Defendants/Counter-Plaintiffs.*** | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE TO
PLAINTIFF TED VENTURES, LLC'S MOTION TO REMAND
PLAINTIFFS' CLAIMS AS TO NON-DEBTOR DEFENDANTS**

Defendants Atul "Lucky" Chopra, M.D., Trend Physicians Group, Inc., DET Dallas Clinics, LLC f/k/a AD Dallas Clinics, LLC, and Zoo Capital Holdings LLC (collectively, the "Defendants") file this Brief in Support of Response to Plaintiff TED Ventures, LLC's Motion to Remand Plaintiff's Claims Against the Non-Debtor Defendants (the "Motion"), joined by Trend Medical Management, LLC, Derek Gove, Trey Austin, and Enrique Stowhas (collectively, with TED, "Plaintiffs").

## I.
## INTRODUCTION

Defendants removed this case from the 162nd Judicial District Court of Dallas County, Texas, Cause No. DC-25-05848 on August 19, 2026 because Defendants Trend Physicians Group, Inc. and DET Dallas Clinics, LLC f/k/a AD Dallas Clinics, LLC filed for Chapter 11 bankruptcy in the US Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy

Cases”). *See In re DET Dallas Clinics, LLC*, Case No. 26-35975; *In re TREND Physicians Group, Inc.*, Case No. 26-35976. Defendants moved to transfer the case to the Southern District of Texas, Houston Division on August 20, 2026. On September 15, 2026, Plaintiffs filed notice of *Entry of Order Lifting Stay by Bankruptcy Court*.

Each claim in this case is directly or indirectly linked to the Asset Purchase and Contribution Agreement (“APCA”). On December 12, 2023, DET Clinics, LLC (f/k/a AD Dallas Clinics, LLC) (“AD”), Zoo Capital Holdings, LLC (“Zoo”), Trend Medical Management, LLC (“Trend”), TED Ventures, LLC, Trey Austin, Enrique Stowhas, and Derek Gove (“TED Principals”) executed the APCA which provided for AD to purchase medical clinics formerly owned and managed by Trend, TED, and TED Principals. Dkt. 1, Document 1-5 at pgs. 3-5 (Plaintiffs Original Petition, Factual Allegations), Document 1-1 at 4-11 (Defendants’ First Amended Answer, Statement of Facts). The assets to be transferred were mainly those of Defendant Trend Physicians Group, Inc. (“TPG”). Plaintiffs’ Original Petition alleges breach of contract, violation of the Texas Business and Commerce Code, and common law fraud. The breach of contract claim alleges AD and Zoo are liable based on APCA obligations. Dkt. 1, Document 1-5 at pgs. 5-10. The Texas Business Code claims are alleging AD and Zoo failed to pay certain checks or transfer certain stock related to APCA obligations. *Id.* The fraud claims allege that all Defendants, including Zoo and Dr. Chopra, are liable based on a promise to pay APCA consideration, or concealment of an intention not to pay. *Id.*

Defendants answered alleging breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and conversion related to the APCA obligations. Dkt. 1, Document 1-5 at pgs. 11-16. Defendants also alleged breach of employment agreements for the TED Principals, agreements that were incorporated into the APCA to retain the TED Principals in operating the

assets purchased in the APCA as they had done prior to execution. *Id.* On August 16, 2026, Plaintiffs amended their pleading to add an alter ago claim against Dr. Chopra, alleging that Dr. Chopra used the Defendant entities as instruments in conduct related to the APCA. Dkt. 1, Document 1-24 at pgs. 7-10. The amended pleading also added a claim for unpaid management services, against Dr. Chopra and Zoo, for allegedly unpaid management services at times surrounding APCA performance. *Id.*

Discovery in state court litigation was focused on Defendants requested injunctive relief. From May to July of 2025, the parties engaged in discovery limited to Defendants injunctive relief, and an injunction was entered in early July of 2025. *See* Dkt. 1, Document 1-21, at pgs. 1-4 (temporary injunction order dated July 3, 2025), Document 1-12, at pgs. 1-4 (temporary restraining order dated May 14, 2025). After the injunction was granted, the parties engaged in minimal discovery and the State Court made no substantive rulings in the case. *See* Dkt. 1, Document 1-25, at pgs. 21-26 (State Court Docket, timeframe between injunction and July 2026 trial setting). The case is currently not set for trial in State Court, but previously had an October 6, 2026 trial setting:[1]

[1] Dallas County Courts Portal (September 30, 2026), https://courtsportal.dallascounty.org/ (search for events, case no. DC-25-05848).




On September 25, 2026, Defendants sought leave to file their First Amended Counterclaims. The Amended Counterclaim includes a claim for violations of 18 U.S.C. §1030, the Computer Fraud and Abuse Act, related to TED's conduct surrounding APCA performance. This motion remains pending.

## II.
## ARGUMENT

### A. Equitable Remand Is Not Proper.

Plaintiffs incorrectly argue that equitable remand is proper under 28 U.S.C. § 1452(b). The factors pointed out by Plaintiffs fail to provide for equitable remand. Plaintiffs summarily conclude that each factor for equitable remand favor Plaintiffs. Dkt. 9 at pgs. 17-25 (citing *Brown v. Beamers Private Club*, No. 3:16-cv-402-N-BN, 2016 U.S. Dist. LEXIS 79313, at *23-24 (N.D. Tex. 2016)). Their assertions are incorrect and the case should remain in Federal Court.

First, Plaintiffs claim that the fact that the parties they wish to be included in remand, Dr. Chopra and Zoo, should be remanded simply because they are not the debtors and therefore the

remand will have no effect on the estate. However, regardless of their status as non-bankruptcy debtors, the claims against Dr. Chopra and Zoo are completely intertwined with those of the debtors. Many or all of the claims against Zoo are also vaguely asserted against AD and Trend. This is because AD and Trend were co-parties to the APCA. The claims against Dr. Chopra include many of the same allegations, adding a veil piercing claim alleging Dr. Chopra held overwhelming control of the defendant entities. Accordingly, each of Plaintiffs claims center on APCA related conduct and any trial on the claims will impact similar claims against the debtor parties AD and TPG and their estate.

Next, Plaintiffs' point to the lack of jurisdiction, the predominance of state law, and the comity factors as favoring remand. Defendants have moved for leave to assert a federal claim in this case which would provide an additional route of jurisdiction, aside from the jurisdiction asserted in Defendants' removal. The state law involved in this case, as admitted by Plaintiffs, relates to a "straightforward business dispute." Dkt. 9 at pg. 9. Discovery or substantive rulings are minimal, aside from the injunctive relief that is a sub-component of both sides allegations of broader APCA misconduct. Continuing this case in this Court will not result in a duplicative or uneconomical use of judicial resources. The comity factor has little sway in the equitable remand considerations in this case, as the State Court has not developed a significant familiarity with this case. *See Brown v. Beamers Priv. Club*, No. 3:16-CV-402-N-BN, 2016 WL 3360435, at *9 (N.D. Tex. Apr. 29, 2016), *report and recommendation adopted sub nom. Brown Jackson v. Beamers Priv. Club*, No. 3:16-CV-402-N-BN, 2016 WL 3346085 (N.D. Tex. June 16, 2016) (finding that a lengthy state court docket with motions to compel, evidentiary motions, and dispositive motions applied to the comity factor, favoring remand). This is evident by the lack of non-injunctive related action or rulings taken in the State Court action. The factors cited by Plaintiffs do not heavily favor

remand.

Plaintiffs ignore the factors that clearly point in Defendants favor and favor the continuance of this case in Federal Court. Equitable remand considerations also include the (1) degree of relatedness to main bankruptcy case, (2) difficulty or unsettled nature of the applicable law, and (3) presence of non-debtor parties. Plaintiffs assert that the "claims to be tried against [Dr.] Chopra and Zoo involve no debtor at all and claim that the relatedness factor also favors remand. However, as explained above, the claims are all completely related. Plaintiffs' conclusory statement is wholly inaccurate. The relatedness factor shows that equitable remand should not be allowed. Additionally, the claims are admittedly neither difficult nor based on unsettled applicable law. The non-debtor parties are each impacted by findings related to the APCA performance, which forms the basis of each and every claim asserted. The non-debtor parties are intertwined in the debtor claims by way of Plaintiffs' representations that Dr. Chopra controlled the non-debtors and/or Zoo as an alter ego and caused the fraudulent conduct. Plaintiffs cited factors do not provide for equitable remand.

**B. Related To Removal Is Supported.**

Plaintiffs reiterate their arguments allegedly supporting equitable remand and claim that the case was not properly removed as it is not "related to" the debtor-defendants' bankruptcy claims. Here, the bankruptcy estate would clearly be impacted by findings on the parties claims in this case. Each of the claims is deeply intertwined with the performance of the APCA. Plaintiffs fail to apply the "related" test, which simply requires this case to "conceivably have any effect on the estate being administered in bankruptcy. *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)); *Feld v. Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995). Here, the TPG bankruptcy estate now has an interest in the assets held by TPG and

transferred under the APCA. The AD bankruptcy estate similarly has an interest by way of AD's status as the purchaser of the TPG assets through the APCA. The litigation focuses on the performance of the APCA, including the transfer of TPG (debtor) assets from TED to AD (debtor). The bankruptcy estate will conceivably be impacted by this lawsuit, and the claims therefore were properly considered "related to" under 28 U.S.C. § 1452(a).

**C. Plaintiffs' Mandatory Abstention Arguments Fail.**

Plaintiffs final assertion is that even if equitable remand is improper, mandatory abstention is required. Plaintiffs use the same arguments for the abstention related factors: (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." Dkt. 9 at pgs. 31-34 (citing *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239 (5th Cir. 1997). Defendants have moved for leave to assert a claim under the CFAA, which gives this Court independent jurisdiction over this case. Further, the state court case involves minimal state court action in the primary APCA related claims to date. The State Court has no current trial setting for the case. *See* Dallas County Courts Portal, *supra* note 1. The pre-trial filings, including dueling motions to exclude evidence, indicate that both sides have various contested issues to be determined before a trial is to be held. *See* Dkt. 1, Document 1-25, at pgs. 21-40. There is, at the very least, a lack of certainty surrounding Plaintiffs' assertion that this case will be timely adjudicated in State Court. The factors do not weigh heavily in Plaintiffs' favor as asserted and mandatory abstention is inapplicable.

## III.
## CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that the Motion be denied.

Dated: October 1, 2026

Respectfully Submitted,

***/S/ JONATHAN CURTH***
JONATHAN CURTH
STATE BAR NO. 24059637
1911 BAGBY ST.
HOUSTON, TEXAS 77002
(832) 696-3668

***General Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify and affirm that on October 1, 2026, I electronically filed the foregoing instrument using the Court's CM/ECF system which will electronically notify the CM/ECF participants in this case.

***/S/ JONATHAN CURTH***
**JONATHAN CURTH**

## CERTIFICATE OF WORD COUNT

This document contains 1974 words, including footnotes, but not including the case caption, table of contents, table of authorities, signature block, and certificates.

***/S/ JONATHAN CURTH***
**JONATHAN CURTH**