**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TED VENTURES, LLC, TREND MEDICAL MANAGEMENT, LLC, DEREK GOVE, TREY AUSTIN, AND ENRIQUE STOWHAS, | § | |
| Plaintiffs/Counter-Defendants, | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-02783-S |
| LUCKY CHOPRA, ZOO CAPITAL HOLDINGS, LLC, AD DALLAS CLINICS, LLC, AND TREND PHYSICIANS GROUP, INC., | § | |
| Defendants/Counter-Plaintiffs. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**

TO THE HONORABLE KAREN GREN SCHOLER, UNITED STATES DISTRICT JUDGE:

Defendants Lucky Chopra, Zoo Capital Holdings, LLC, DET Dallas Clinics, LLC f/k/a AD Dallas Clinics, LLC ("AD"), and Trend Physicians Group, Inc. (collectively, "Defendants") file this Reply in support of their Opposed Motion for Leave to File Amended Counterclaim (ECF No. 14) (the "Motion") and in response to Plaintiffs' Response and Brief in Support (ECF Nos. 29, 30).

## I. SUMMARY OF REPLY

Plaintiffs' opposition rests on the argument that the case was removed to federal court trial-ready and should not be impeded by the addition of a new claim. However, the Court has set a Rule 16 conference, ECF No. 26, and will enter its own schedule. In that posture, Count Six—a claim by AD, now a Chapter 11 debtor-in-possession, arising from the same April 10–11, 2025 events already pleaded in Counts Two and Three—can be added with targeted discovery and no

prejudice. Plaintiffs' futility arguments, at most, identify pleading details that can be supplied by amendment, not reasons to foreclose the claim.

## II. ARGUMENT

### A. The Court may modify the expired state-court deadline as part of setting its own schedule, and good cause supports doing so.

#### 1. Section 1450 is not a bar.

Section 1450 keeps state-court orders in force only "until dissolved or modified by the district court." 28 U.S.C. § 1450. After removal, the Federal Rules "apply to a civil action." Fed. R. Civ. P. 81(c)(1). Defendants do not contend that removal erased the state court's order; they ask the Court to exercise the authority § 1450 expressly preserves. The pleading deadline was one piece of a state docket-control order keyed to a state trial setting that no longer exists,[1] and the Court has already signaled that it will manage this case under Rule 16. ECF No. 26 (status conference "shall also serve as the Rule 16 pretrial conference"). To the extent Rule 16(b)(4) governs, Defendants ask that the Motion be treated as a request to modify that deadline. The four good-cause factors are weighed together, *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003), and here they favor modification.

#### 2. Explanation.

While some of the underlying facts were known in 2025 and were pleaded in Defendants' Original Answer (ECF No. 1-6 ¶¶ 37–38) new information was discovered upon the filing of bankruptcy by the Debtors that relates to these claims. But the posture changed fundamentally afterward. On August 14, 2026, AD became a Chapter 11 debtor-in-possession. Its claims became

---

[1] Citations to "App." refer to Plaintiffs' Appendix (ECF No. 30-1). The trial-reset notices stated that the remaining provisions of the scheduling order remained in effect, App. 6–7, but every one of those provisions was built around a state-court trial setting that the bankruptcy filings and removal vacated.

property of the estate, which AD—vested with the rights, powers, and duties of a trustee—must administer for creditors. 11 U.S.C. §§ 541(a)(1), 1107(a). The case was then removed and stayed. Defendants moved for leave ten days after the stay was lifted and thirty-seven days after removal. ECF Nos. 12-1, 14. Even when a movant's explanation is imperfect, courts find good cause where the remaining factors favor amendment. *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 374–76 (W.D. Tex. 2013) (first factor weighed against movant "to a limited extent," but the other three favored amendment); *Morrow Energy, LLC v. Graycor Indus. Constructors, Inc.*, No. MO:24-CV-00147-DC-RCG, 2025 WL 2618566, at *2 (W.D. Tex. Aug. 25, 2025) (good cause although movant knew of the claim before suit); *Priester v. Deutsche Bank Nat'l Tr. Co.*, No. 4:16-CV-00449-ALM-CAN, 2017 WL 2989379, at *7 (E.D. Tex. May 19, 2017) (report and recommendation) (permitting new claims in removed case although first factor weighed against movant).

**3. Importance.**

Plaintiffs argue that Count Six is unimportant because it rests on the same conduct as Counts Two and Three. ECF No. 30 at 9. But overlapping facts do not make identical claims. Count Six is AD's claim against TED—not against the individual officers—and turns on distinct statutory elements and remedies, including recovery of response costs and losses from interruption of service. 18 U.S.C. § 1030(e)(11), (g). An amendment is important when it "potentially provide[s] additional grounds for a party to recover." *Morrow*, 2025 WL 2618566, at *2 (quotation omitted). Because the claim belongs to AD's estate, its value inures to AD's creditors. That the claim also bears on jurisdiction does not make it less important.

**4. Prejudice and the availability of a continuance.**

Plaintiffs' prejudice argument depends on a trial-ready posture that, by their own account, does not exist here. ECF No. 28 at 6. And Plaintiffs cannot have it both ways: if Count Six merely repeats facts pleaded since 2025, then the April 10–11 access and lockout have been at issue throughout the case, and Plaintiffs had every opportunity to take discovery on them. ECF No. 1-6 ¶¶ 37–38; ECF No. 14-1 ¶ 44(c). The question is whether an amendment proposes "alternative legal theories for recovery on the same underlying facts" or "would fundamentally alter the nature of the case." *Morrow*, 2025 WL 2618566, at *2 (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). Count Six is the former. Nor is the close of state-court discovery a prejudice caused by the timing of this Motion: the parties' agreed order set the pleading deadline a month *after* discovery closed, App. 2–3, so even a timely amendment could have followed the discovery cutoff. The incremental discovery needed—access logs, credential records, and response costs—is narrow and can be accommodated in the schedule the Court will enter. *See Merritt Hawkins & Assocs., LLC v. Gresham*, 300 F.R.D. 311, 314 (N.D. Tex. 2014) (court "amenable" to extending deadlines as needed); *Mailing & Shipping*, 292 F.R.D. at 375–76 (prejudice "minimal" and curable through limited discovery and postponement of trial); *Priester*, 2017 WL 2989379, at *7 ("delay alone" does not establish prejudice). Plaintiffs also concede that a state court "can hear and decide" a CFAA amendment after remand. ECF No. 30 at 17. The claim will be litigated either way; the only question is whether it is litigated together with the related claims or separately.

**B. Rule 15(a)(2) independently favors leave.**

Leave "should not be denied unless there is a substantial reason to do so," *Marshall v. MarOpCo, Inc.*, 223 F. Supp. 3d 562, 566 (N.D. Tex. 2017), and absent undue delay, bad faith or

dilatory motive, repeated failure to cure, undue prejudice, or futility, "the Court should grant leave," *Merritt Hawkins*, 300 F.R.D. at 313. A motion filed promptly after removal weighs against a finding of undue delay. *Marshall*, 223 F. Supp. 3d at 567.

Nor is there a "dilatory motive." Defendants seek to resolve every claim arising from the April 2025 events in one proceeding—the opposite of delay. Removal rested on 28 U.S.C. § 1334, not on the CFAA. ECF No. 14-1 ¶ 11. Whether Count Six bears on remand is a question for the remand motion; Defendants' observation that it supplies an additional jurisdictional basis is not evidence of bad faith. Even where an amendment is motivated by forum considerations, that is only one factor and not a trump card. *Marshall*, 223 F. Supp. 3d at 568–70 (granting leave despite finding forum manipulation, where there was no undue delay or prejudice).

**C. Count Six is not futile.**

An amendment is futile only if it would fail to state a claim under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Plausibility, not proof, is the standard.

**1. Damage, loss, and a § 1030(g) factor.**

The proposed pleading alleges that TED's employee "simultaneously locked Defendants out of their own software, disrupting their operations and causing a complete loss of access to information vital to perform services for their patients." ECF No. 14-1 ¶ 33; *see id.* ¶ 61. A lockout satisfies the definition of "damage": an "impairment to the . . . availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). It is also an "interruption of service," the costs and consequential damages of which are "loss." *Id.* § 1030(e)(11); *Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 630 (S.D. Tex. 2011) (loss includes "costs incurred because of a service interruption"). Allegations of harm from service interruption suffice at the pleading stage even without pinpointing the source of each dollar. *Talon Transaction Techs., Inc. v. StoneEagle Servs.,*

*Inc.*, No. 3:13-cv-00902-P, 2013 WL 12172926, at *4 (N.D. Tex. Aug. 15, 2013). And the medical-care factor reaches not only actual but "potential modification or impairment" of "medical examination, diagnosis, treatment, or care." 18 U.S.C. § 1030(c)(4)(A)(i)(II). A clinic's "complete loss of access" to patient information "vital to perform services for [its] patients" plausibly alleges at least that. Plaintiffs' demand for patient names, appointments, and lockout durations is a demand for evidence. This is not *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 780 (S.D. Tex. 2010), where the plaintiff alleged only lost profits and lost customers; AD alleges technological harm to its systems.

**2. Unauthorized access.**

AD owned the software license and records, which it purchased from Plaintiffs under the APCA. ECF No. 14-1 ¶ 33. AD terminated Plaintiffs' officers for cause on April 10, 2025; their agreements barred them, after termination, from accessing AD's computer systems or downloading files; and they "lost lawful access" upon termination. *Id.* ¶¶ 27, 30–31. The access at issue was by an employee of TED—the seller, which retained no right to use AD's systems—and was "without Defendants' authorization." *Id.* ¶ 33. A user lacks authorization when subject to "limitations on access," whether "code-based" or "contained in contracts or policies," and allegations of post-termination access suffice at the pleading stage. *Cigniti Techs. Inc. v. Govinsadamy*, No. 3:23-cv-2460-L, 2024 WL 4329021, at *14–15 (N.D. Tex. Aug. 7, 2024) (findings, conclusions, and recommendation) (quotation omitted). Authorization is a question of fact. *IberiaBank v. Broussard*, 907 F.3d 826, 837–38 (5th Cir. 2018) (relying in part on signed agreement forbidding harm to employer's systems); *Centennial Bank v. Holmes*, 717 F. Supp. 3d 542, 566–67 (N.D. Tex. 2024).[2] Paragraph 61's omission of the word "authorization" is a

[2] *United States v. Eddings*, 161 F.4th 199 (3d Cir. 2025), on which Plaintiffs rely, ECF No. 30 at 15, is not binding here. In any event, AD alleges an affirmative revocation: termination for cause,

scrivener's error that paragraphs 33 and 63 supply, and pleading "without authorization" and "exceeds authorized access" in the alternative is expressly permitted. Fed. R. Civ. P. 8(d)(2).

**3. Attribution to TED.**

A company acts through its employees. The pleading identifies the actor as TED's employee and specifies the dates and the systems involved. ECF No. 14-1 ¶ 33. Rule 8 does not require AD to name the employee—an identity TED itself knows.

**4. Any deficiency is curable.**

To the extent the Court concludes that the pleading should more precisely invoke § 1030(c)(4)(A)(i), quantify loss, or particularize the intent element of § 1030(a)(4), the remedy is leave to replead, not denial. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). AD has never before sought to plead this claim. If permitted, AD will file a revised Amended Counterclaim within fourteen days that (a) identifies the systems affected and the duration and effect of the lockout, including on patient care; (b) pleads AD's response and restoration costs and the § 1030(c)(4)(A)(i)(I)–(II) factors; (c) asserts the lockout theory under § 1030(a)(5)(B)–(C), which requires no intent to defraud; and (d) deletes the erroneous diversity allegation in paragraph 10.

## III. CONCLUSION AND PRAYER

Defendants respectfully request that the Court grant the Motion (ECF No. 14) and modify any applicable pleading deadline; alternatively, that the Court grant Defendants leave to file a

---

coupled with written agreements that expressly prohibited post-termination access. ECF No. 14-1 ¶¶ 27, 30–31.

revised Amended Counterclaim within fourteen days of its order; and that the Court grant Defendants all other relief to which they are justly entitled.

Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

By: */s/ Keith M. Remels*

Keith M. Remels
Attorney-in-Charge
Texas Bar No. 16765800
kremels@dowgolub.com
Dinesh H. Singhal
Texas Bar No. 24003383
singhal@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Tel: (713) 526-3700
Fax: (713) 526-3750

ATTORNEYS FOR DEFENDANTS LUCKY CHOPRA, ZOO CAPITAL HOLDINGS, LLC, AD DALLAS CLINICS, LLC, AND TREND PHYSICIANS GROUP, INC.

**CERTIFICATE OF SERVICE**

I certify that on November 16, 2026, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Keith M. Remels*
Keith M. Remels

**USE OF GENERATIVE ARTIFICIAL INTELLEGENCE**

Pursuant to Local Civil Rule 7.2(f)(1), Defendants disclose that a generative artificial intelligence tool was used in preparing a draft of this brief. Undersigned counsel has reviewed the entire brief and has independently verified its factual statements, quotations, and legal citations against the record and the original sources.

*/s/ Keith M. Remels*
Keith M. Remels